United States District Court
Southern District of Texas
**ENTERED**
June 30, 2016
David J. Bradley, Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| FRANK REYNALDO ZUNIGA, | § | |
| | § | |
| *Petitioner,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-15-1756 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| *Respondent.* | § | |

## MEMORANDUM OPINION AND ORDER

State inmate Frank Reynaldo Zuniga, proceeding *pro se*, filed a section 2254 habeas petition challenging his conviction and twelve-year sentence for indecency with a child. Respondent filed a motion for summary judgment (Docket Entry No. 12), to which petitioner filed a response (Docket Entry No. 15). Petitioner does not show that he served a copy of his response on counsel for respondent, and the response is not properly before the Court. Nevertheless, the Court has reviewed the response in the interest of justice.

Based on consideration of the pleadings, the motion and response, the record, and the applicable law, the Court GRANTS the motion for summary judgment and DISMISSES this case for the reasons that follow.

### *Procedural Background and Claims*

On December 8, 2011, petitioner pleaded guilty to indecency with a child in Harris County, Texas, and was sentenced to twelve years' imprisonment.  His application for state habeas relief was denied by the Texas Court of Criminal Appeals.

Petitioner raises the following grounds for federal habeas relief:

1.   Trial counsel was ineffective in:

    a.   never communicating with him;

    b.   always being late and unprepared for court hearings; and

    c.   failing to investigate or review the evidence.

2.   The evidence is insufficient to support his guilty plea.

3.   The indictment was defective due to an inconsistency between the indictment and the plea papers.

4.   The State denied him due process by failing to present evidence of his guilt.

Respondent argues that petitioner's claims are without merit. Respondent argues in the alternative that petitioner's claims are barred by limitations.  Because it is not entirely clear that petitioner's claims are barred by limitations, the Court will grant summary judgment and dismiss petitioner's claims on the merits.

### *Factual Background*

In affirming petitioner's conviction, the intermediate state court of appeals set forth the following statement of facts:

Frank Zuniga appeals the trial court's judgment adjudicating his guilt and sentencing him to twelve years' confinement. Zuniga was placed on deferred adjudication community supervision for the second-degree felony offense of indecency with a child. See TEX. PENAL CODE ANN. § 21.11(a)(1), (d) (2011). The State moved to adjudicate Zuniga's guilt and the trial court did so. On appeal, Zuniga contends that there was no evidence to support his guilty plea and his conviction must therefore be reversed. We affirm.

Zuniga was charged by indictment with the felony offense of indecency with a child for touching the complainant's genitals. Zuniga pleaded guilty pursuant to a plea bargain with the State and waived the making of a record of his plea proceedings. The Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession (the "Confession") that Zuniga signed, however, did not mention Zuniga touching complainant's genitals. Rather, it stated that Zuniga had caused complainant to touch the genitals of a second minor complainant. The trial court accepted the plea and deferred adjudication of Zuniga's guilt, placing him on deferred adjudication community supervision for seven years.

Approximately three months later, the State moved to adjudicate Zuniga's guilt, alleging a violation of the provisions of his community supervision that prohibited contact with minors. At the hearing on the motion to adjudicate, Zuniga's community supervision file was admitted into evidence. The file included the police report containing complainant's statements to his mother and the report from the Children's Assessment Center containing complainant's statements to the forensic interviewer. In these statements, complainant indicated that Zuniga had touched complainant's genitals. After the hearing, the trial court found the allegations to be true, adjudicated Zuniga's guilt, and sentenced him to twelve years' confinement. Zuniga appeals.

A defendant who receives deferred adjudication community supervision generally may not appeal errors in the original proceeding that resulted in the deferred adjudication after a later proceeding to adjudicate guilt. There are two exceptions to this general rule: a judgment may be challenged after adjudication (1) when it is void or (2) by habeas corpus.

"The void judgment exception recognizes that there are some rare situations in which a trial court's judgment should be accorded no respect due to a

complete lack of power to render the judgment in question." Because a void judgment is a nullity, it may be attacked at any time. It logically follows that "[i]f the original judgment imposing [community supervision] was void, then the trial court would have no authority to revoke that [community supervision], since, with no judgment imposing probation (because it is a nullity), there is nothing to revoke."

In *Nix*, the Court of Criminal Appeals identified a "very nearly" exclusive list of circumstances rendering a judgment void.

A judgment of conviction for a crime is void when (1) the document purporting to be a charging instrument (*i.e.* indictment, information, or complaint) does not satisfy the constitutional requisites of a charging instrument, thus the trial court has no jurisdiction over the defendant, (2) the trial court lacks subject matter jurisdiction over the offense charged, such as when a misdemeanor involving official misconduct is tried in a county court at law, (3) the record reflects that there is no evidence to support the conviction, or (4) an indigent defendant is required to face criminal trial proceedings without appointed counsel, when such has not been waived, in violation of *Gideon v. Wainwright*.

The third circumstance, the "no evidence" exception, is the basis of Zuniga's appeal. For this exception to apply, "the record must show a complete lack of evidence to support the conviction, not merely insufficient evidence." "[T]he record must leave no question about the existence of the fundamental defect."

Zuniga contends there is no evidence to support his conviction because the acts admitted in the Confession are not the same acts alleged in the indictment. Accordingly, argues Zuniga, the Confession cannot support the conviction. While the Confession did not track the indictment, Zuniga's claim fails because other evidence supports the conviction. In the written admonishments, given pursuant to Article 26.13(d) of the Code of Criminal Procedure, Zuniga swore, "I have read the indictment and I committed each and every element alleged." Additionally, at the hearing on the motion to adjudicate guilt, the trial court admitted into evidence Zuniga's community supervision file. The file reflects that complainant told his mother and the Children's Assessment Center's forensic interviewer that Zuniga touched complainant's genitals, which is the offense alleged in the indictment. Thus, there is no "complete lack of evidence to support the conviction." Because the

4

record contains some evidence to support Zuniga's conviction, we overrule Zuniga's sole issue.

*Zuniga*, pp. *1–2 (citations omitted).

### The Applicable Legal Standards

*Habeas Review*

This petition is governed by the applicable provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). 28 U .S.C. § 2254. Under the AEDPA, federal habeas relief cannot be granted on legal issues adjudicated on the merits in state court unless the state adjudication was contrary to clearly established federal law as determined by the Supreme Court, or involved an unreasonable application of clearly established federal law as determined by the Supreme Court. *Harrington v. Richter*, 562 U.S. 86, 98–99 (2011); *Williams v. Taylor*, 529 U.S. 362, 404–05 (2000); 28 U.S.C. §§ 2254(d)(1), (2). A state court decision is contrary to federal precedent if it applies a rule that contradicts the governing law set forth by the Supreme Court, or if it confronts a set of facts that are materially indistinguishable from such a decision and arrives at a result different from the Supreme Court's precedent. *Early v. Packer*, 537 U.S. 3, 7–8 (2002).

A state court unreasonably applies Supreme Court precedent if it unreasonably applies the correct legal rule to the facts of a particular case, or unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply, or unreasonably refuses to extend that principle to a new context where it should apply.

*Williams*, 529 U.S. at 409. In deciding whether a state court's application was unreasonable, this Court considers whether the application was objectively unreasonable. *Id.* at 411. "It bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Richter*, 562 U.S. at 102. As stated by the Supreme Court in *Richter*,

> If this standard is difficult to meet, that is because it was meant to be. As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings. It preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents. It goes no farther. Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal.

*Id.*, at 102–03 (emphasis added; internal citations omitted).

The AEDPA affords deference to a state court's resolution of factual issues. Under 28 U.S.C. § 2254(d)(2), a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless it is objectively unreasonable in light of the evidence presented in the state court proceeding. *Miller–El v. Cockrell*, 537 U.S. 322, 343 (2003). A federal habeas court must presume the underlying factual determination of the state court to be correct, unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Miller–El*, 537 U.S. at 330–31.

6

*Summary Judgment*

In deciding a motion for summary judgment, the district court must determine whether the pleadings, discovery materials, and the summary judgment evidence show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). Once the movant presents a properly supported motion for summary judgment, the burden shifts to the nonmovant to show with significant probative evidence the existence of a genuine issue of material fact. *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000).

While summary judgment rules apply with equal force in a section 2254 proceeding, the rules only apply to the extent that they do not conflict with the federal rules governing habeas proceedings. Therefore, section 2254(e)(1), which mandates that a state court's findings are to be presumed correct, overrides the summary judgment rule that all disputed facts must be construed in the light most favorable to the nonmovant. Accordingly, unless a petitioner can rebut the presumption of correctness of a state court's factual findings by clear and convincing evidence, the state court's findings must be accepted as correct by the federal habeas court. *Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002), *overruled on other grounds by Tennard v. Dretke*, 542 U.S. 274 (2004).

### Ineffective Assistance of Trial Counsel

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to the effective assistance of counsel. U.S. CONST. amend. VI. A federal

habeas corpus petitioner's claim that he was denied effective assistance of counsel is measured by the standards set out in *Strickland v. Washington*, 466 U.S. 668 (1984). To assert a successful ineffectiveness claim, a petitioner must establish both constitutionally deficient performance by counsel and actual prejudice as a result of counsel's deficient performance. *Id.* at 687. The failure to demonstrate deficient performance or prejudice is fatal to a *Strickland* claim. *Green v. Johnson*, 160 F.3d 1029, 1035 (5th Cir. 1998).

A counsel's performance is deficient if it falls below an objective standard of reasonableness. *Strickland*, 466 U.S. at 688. In determining whether counsel's performance was deficient, judicial scrutiny must be highly deferential, with a strong presumption in favor of finding that trial counsel rendered adequate assistance and that the challenged conduct was the product of a reasoned trial strategy. *West v. Johnson*, 92 F.3d 1385, 1400 (5th Cir. 1996). To overcome this presumption, a petitioner must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992). However, a mere error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. *Strickland*, 466 U.S. at 691.

Actual prejudice from a deficiency is shown if there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different. *Id.* at 694. To determine prejudice, the question focuses on whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair.

8

*Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993).  In that regard, unreliability or unfairness does not result if the ineffectiveness does not deprive the petitioner of any substantive or procedural right to which he is entitled.  *Id.*

The Supreme Court recently emphasized in *Richter* the manner in which a federal court is to consider an ineffective assistance of counsel claim raised in a habeas petition subject to AEDPA's limitations:

> The pivotal question is whether the state court's application of the *Strickland* standard was unreasonable.  This is different from asking whether defense counsel's performance fell below *Strickland's* standard.  Were that the inquiry, the analysis would be no different than if, for example, this Court were adjudicating a *Strickland* claim on direct review of a criminal conviction in a United States district court.  Under AEDPA, though, it is a necessary premise that the two questions are different.  For purposes of § 2254(d)(1), an unreasonable application of federal law is different from an incorrect application of federal law.  A state court must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself.

562 U.S. at 101 (internal quotation omitted).

In context of a guilty plea, a habeas petitioner may establish the requisite prejudice only by demonstrating a reasonable probability that, but for his attorney's errors, he would not have pleaded guilty and would have insisted upon going to trial.  *Hill v. Lockhart*, 474 U.S. 52, 58–59 (1985); *United States v. Bounds*, 943 F.2d 541, 544 (5th Cir. 1991).

Petitioner claims that counsel was ineffective in the following particulars:

*Failure to Communicate*

Petitioner asserts that trial counsel "never communicated" with him.  (Docket Entry No. 1, p. 6.)   In responding to petitioner's assertion, trial counsel submitted an affidavit to the state trial court, in which he testified as follows:

> I spoke with Mr. Zuniga on many occasions concerning the allegations of all of the offenses for which he was indicted.  I spoke with all of the family members who lived in the same house with him during the time periods that the alleged offenses occurred.  I was given many photographs of large family gatherings which occurred on special occasions like birthdays and holidays. There were also photos of some weekend visits in which Mr. Zuniga exercised his weekend visitations with the family.  We discussed the whereabouts of various family members on or about the time periods of the alleged assaults.
>
> I shared the content of the interviews with Mr. Zuniga that occurred outside of his presence.
>
> \*   \*   \*   \*
>
> I shared the content of these reports and interviews with Mr. Zuniga and discussed the pros and cons of going to trial based on the evidence which the State had garnered against him.
>
> \*   \*   \*   \*
>
> I discussed with Mr. Zuniga that his prior felony conviction of robbery would enhance his punishment if he was convicted and that it could be used to impeach his testimony if he testified at trial.
>
> \*   \*   \*   \*
>
> I cannot remember verbatim what I told Mr. Zuniga about the plea papers.  But my customary practice is to go over the plea papers paying particular attention to the Constitutional Waivers, the punishment range of the offense for which he pled, the consequences of the plea with respect to Appeal; and in this instance, the possible consequences of non-compliance with the terms and

conditions of deferred adjudication.   We also discussed the sex offender admonishments and the reporting/registration laws as they applied to his case.

*Ex parte Zuniga*, pp. 55–56.

In rejecting petitioner's claim against trial counsel, the state trial court made the following relevant findings of fact on collateral review:

18. [Trial counsel] has filed an affidavit in the instant case in response to the Court's order for affidavit in the instant case.

19. The Court has read the affidavit of trial counsel [], and finds it to be reliable and credible.

20. [Trial counsel] spoke with the applicant on many occasions concerning the allegations against him.

21. [Trial counsel] advised the applicant that his prior felony robbery conviction would enhance his punishment range if he was convicted, and that it could be used to impeach his testimony if he testified at trial.

22. [Trial counsel] does not remember any State's attorney coercing the applicant into pleading guilty for any offense.

23. The applicant fails to show that any State's attorney coerced him into pleading guilty for any offense.

24. [Trial counsel] cannot independently recall verbatim what he told he applicant about the plea papers.

25. [Trial counsel's] customary practice concerning plea paperwork is to go over the plea papers, paying particular attention to the Constitutional Waivers, the punishment range of the offense for which he pled, the consequences of the plea with respect to appeal, and – in this instance – the possible consequences of noncompliance with the terms and conditions of deferred adjudication.

11

26.    [Trial counsel] discussed with the applicant the sex offender admonishments, and the reporting/registration laws as they applied to his case.

27.    [Trial counsel's] observation is that the applicant understood the range of punishment, as well as the consequences of his plea.

28.    The applicant's plea was knowingly and voluntarily entered in this matter, and was not the consequence of coercion on anyone's part.

29.    [Trial counsel] was not ineffective in his representation of the applicant.

30.    A totality of the circumstances demonstrates that the applicant was afforded trial counsel sufficient to protect his right to reasonably effective assistance of counsel.

*Id.*, pp. 63–65 (citation omitted).  The state trial court also made the following relevant conclusions of law on collateral review:

13.    The applicant fails to overcome his burden of proving that counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result.

14.    The applicant fails to demonstrate, by a preponderance of the evidence, that trial counsel's representation fell below an objective standard of reasonableness and a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.

15.    Based on the totality of the representation, and the particular circumstances of the case, [trial counsel] provided reasonably effective assistance of counsel.

16.    The applicant fails to present any arguments or evidence that [trial counsel's] actions fell outside of prevailing professional norms.

*Id.*, pp. 69–70 (citations omitted). The Texas Court of Criminal Appeals relied on these findings of fact and conclusions of law in denying habeas relief. *Id.*, at cover.

Petitioner fails to meet his burden of proving that trial counsel failed to communicate with him, and that the state court was unreasonable in determining that trial counsel was reasonably effective. Petitioner's conclusory allegations are insufficient to warrant federal habeas relief. *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990). Although petitioner submitted his own self-serving affidavit in response to the pending motion for summary judgment, the Court notes that the affidavit, dated November 14, 2015, was not presented to the state court on collateral review. The Court cannot consider the affidavit for purposes of this proceeding. *See Cullen v. Pinholster*, ___U.S. ____, 131 S. Ct. 1388, 1398 (2011) (holding that "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits"). Petitioner establishes neither deficient performance nor actual prejudice under *Strickland*.

The state court rejected petitioner's claim that trial counsel was ineffective in failing to communicate with him. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland* or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment dismissal of this claim.

*Lateness and Lack of Preparation*

Petitioner also claims that trial counsel was routinely late and unprepared for court hearings. These allegations are conclusory and unsupported by any relevant evidence in the record. Even assuming the allegations were true, petitioner fails to show that trial counsel's lateness or lack of preparedness for hearing caused him actual prejudice; that is, he fails to show that, but for counsel's alleged deficient performance, there is a reasonable probability that the result of the proceedings would have been different. Neither deficient performance nor actual prejudice are shown under *Strickland*.

The state court rejected petitioner's claims against trial counsel. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland* or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment dismissal of this claim.

*Failure to Investigate the Evidence*

Petitioner also claims that trial counsel was ineffective in failing to investigate the evidence against him. In his affidavit submitted on collateral review, trial counsel responded to this claim as follows:

> I read the State's file in its entirety, which included the offense report, several supplements, reports propounded by Colorado authorities, CPS reports of previous investigations concerning the children against both parents of the child. It also revealed that the children and the mother were living with a man who was subsequently convicted of aggravated kidnaping charges which involved sexual assault.

14

I viewed the videotaped interviews of both children and compared them to the statements which they had previously given to the police. The allegations of the children were that the incidents occurred when they were alone with their father both at his house (the Zuniga family home) and at an apartment in which he lived with his girlfriend Crystal (mother of Zuniga's third child). The descriptions of the incidents were graphic and emotion laden. Both children related the incidents as eye witnesses.

*Ex parte Zuniga*, p. 55.

In rejecting petitioner's claim, the state trial court on collateral review made the following relevant findings of fact:

31.   [Trial counsel] spoke with the applicant's family members who lived with the applicant during the time periods in which the alleged offenses occurred.

32.   [Trial counsel] and the applicant discussed the whereabouts of various family members on or about the time periods of the alleged assaults.

33.   [Trial counsel] reviewed the interviews that occurred outside the applicant's presence, and shared the information he derived from his review with the applicant.

34.   [Trial counsel's] investigation included his review of the following evidence and information:

   a.   the State's file in its entirety;

   b.   the offense report;

   c.   supplemental offense reports;

   d.   Colorado authorities' reports;

   e.   CPS reports of previous investigations concerning the children against both parents of the child; and

15

      f.     the videotaped interviews of both children as compared to the statements the children gave to the police.

35.    [Trial counsel] discussed the results of his investigation with the applicant, as well as the pros and cons of going to trial based on the evidence the State gathered against the applicant.

36.    The applicant's family informed [trial counsel] that one of the applicant's first cousins was prepared to testify against the applicant for an extraneous alleged sexual assault/incest incident which had occurred when they were teenagers.

37.    The applicant fails to show that [trial counsel's] preparation was somehow inadequate, or that it affected the outcome of the case.

*Ex parte Zuniga*, pp. 65–66 (citation omitted).    The state trial court also made the following relevant conclusions of law:

17.    The applicant fails to show what a more in-depth investigation would have revealed.

18.    The applicant fails show how [trial counsel's] alleged inadequate preparation affected the outcome of the trial.

19.    In all things, the applicant has failed to demonstrate that his conviction was improperly obtained or that he is being improperly confined.

*Id.*, p. 70 (citations omitted). The Texas Court of Criminal Appeals relied on these findings of fact and conclusions of law in denying habeas relief. *Id.*, at cover.

      To prevail on a claim for ineffective assistance of counsel predicated on failure to investigate, a habeas petitioner must allege and show with specificity what the investigation would have revealed and how it would have altered the outcome of the trial. *Moawad v. Anderson*, 143 F.3d 942, 948 (5th Cir. 1998). Petitioner must provide factual support as to

what evidence further investigation would have revealed and how it would have benefitted the defense. *Id.* "Without specific, affirmative showing of what the missing evidence or testimony would have been, a habeas court cannot even begin to apply *Strickland*'s standards." *Anderson v. Collins*, 18 F.3d 1208, 1221 (5th Cir. 1994).

Petitioner here fails to meet these requirements. His conclusory allegation that counsel failed to investigate the facts is unsupported by any probative evidence in the record, and is insufficient to preclude the granting of summary judgment. Conclusory allegations of ineffective assistance of counsel claims are insufficient to warrant habeas relief. *See Collier v. Cockrell*, 300 F.3d 577, 587 (5th Cir. 2002). Petitioner fails to demonstrate either deficient performance or prejudice, and no *Strickland* claim is established.

The state court rejected petitioner's claim that trial counsel was ineffective in failing to investigate or review the evidence. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland* or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment dismissal of this claim.

### *Insufficiency of the Evidence*

Petitioner next argues that the evidence is insufficient to support his guilty plea. His claim has no merit.

By entering a knowing, intelligent and voluntary guilty plea, petitioner waived all non-jurisdictional defects in the proceedings preceding the plea. *Smith v. Estelle*, 711 F.2d 677,

17

682 (1983). This includes claims of no evidence or insufficient evidence in support of his conviction. *United States v. Broce*, 488 U.S. 563, 569 (1989). Under federal constitutional law, a voluntary and knowing guilty plea is sufficient evidence, standing alone, to support a conviction. *Smith v. McCotter*, 786 F.2d 697, 702 (5th Cir. 1986). No federal constitutional issue is raised by the failure of a Texas state court to require evidence of guilt corroborating a voluntary plea. *Id.* The state courts expressly found that petitioner's guilty plea was knowing and voluntary, and he makes no independent challenge to the voluntariness of the plea here except in context of ineffective assistance of counsel.

Regardless, under Texas state law, a judicial confession is sufficient evidence of guilt in a felony criminal case in which a defendant enters a guilty plea. *Menefee v. State*, 287 S.W.3d 9, 13 (Tex. Crim. App. 2009). Petitioner's stipulation of evidence and judicial confession entered in open court at his plea hearing are, standing alone, sufficient to support his plea and conviction. Petitioner argues, however, that no evidence supports his conviction because the acts admitted in his judicial confession are not the same acts alleged in the indictment. This argument was raised and rejected on direct appeal; the intermediate state court of appeals held as follows:

> While the Confession did not track the indictment, Zuniga's claim fails because other evidence supports the conviction. In the written admonishments, given pursuant to Article 26.13(d) of the Code of Criminal Procedure, Zuniga swore, "I have read the indictment and I committed each and every element alleged." Additionally, at the hearing on the motion to adjudicate guilt, the trial court admitted into evidence Zuniga's community supervision file. The file reflects that complainant told his mother and the

18

Children's Assessment Center's forensic interviewer that Zuniga touched complainant's genitals, which is the offense alleged in the indictment. Thus, there is no "complete lack of evidence to support the conviction." Because the record contains some evidence to support Zuniga's conviction, we overrule Zuniga's sole issue.

*Zuniga*, 2013 WL 485806, at *2 (citations omitted).

The state court rejected petitioner's claim on direct appeal and collateral review and denied relief. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, federal law or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment dismissal of this claim.

### Defective Indictment

Petitioner argues that the indictment was defective due to an inconsistency between the indictment and the plea papers. This argument provides petitioner no basis for federal habeas relief.

The law is well settled by the Fifth Circuit Court of Appeals that "sufficiency of a state indictment is not a matter for federal habeas corpus relief unless it can be shown that the indictment is so defective that the convicting court had no jurisdiction." *Branch v. Estelle*, 631 F.2d 1229, 1233 (5th Cir. 1980). Further, where the state court has held that an indictment is sufficient under state law, a federal habeas court will inquire no further. *See Millard v. Lynaugh*, 810 F.2d 1403, 1407 (5th Cir. 1987); *Alexander v. McCotter*, 775 F.2d 595, 598–99 (5th Cir. 1985).

19

The state court in petitioner's case upheld the validity of the indictment under state law and did not find that any defect of substance deprived the trial court of jurisdiction. *Ex parte Zuniga*, p. 60 ("The First Court of Appeals reviewed and rejected the applicant's claim that the indictment in the instant case was so deficient as to be unable to support a conviction."). This Court must defer to those determinations. *See McKay v. Collins*, 12 F.3d 66 (5th Cir. 1994).

The state court rejected petitioner's claim on direct appeal and on collateral review and denied relief. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, federal law or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment dismissal of petitioner's habeas claim.

### *Denial of Due Process*

Petitioner contends that the State denied him due process by failing to present evidence of his guilt. This argument constitutes a restatement of petitioner's claims challenging the sufficiency of the evidence and the indictment, and no new factual or legal arguments are presented. Because the Court has denied petitioner's habeas challenges to the sufficiency of the evidence and the indictment, this argument must also be denied.

The state court rejected petitioner's claims on direct appeal and on collateral review and denied relief. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, federal law or was an unreasonable

determination of the facts based on the evidence in the record.  Respondent is entitled to summary judgment dismissal of petitioner's habeas claims.

### *Conclusion*

Respondent's motion for summary judgment (Docket Entry No. 12) is GRANTED and this lawsuit is DISMISSED WITH PREJUDICE.  A certificate of appealability is DENIED.  Any and all pending motions are DENIED AS MOOT.

Signed at Houston, Texas on June 30, 2016.

_____
Gray H. Miller
United States District Judge